# United States Court of Appeals
## For the First Circuit

No. 08-1842

LYE FONG SHIA,

Petitioner,

v.

ERIC H. HOLDER, JR.,[*] ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW ON AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Stahl and Lipez,
Circuit Judges.

Meer M. M. Rahman and Law Office of Meer M. M. Rahman on brief for petitioner.

Kevin J. Conway, Office of Immigration Litigation, Civil Division, United States Department of Justice, Gregory G. Katsas, Assistant Attorney General, Civil Division, and Richard M. Evans, Assistant Director, Office of Immigration Litigation, on brief for respondent.

March 24, 2009

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former Attorney General Michael B. Mukasey as respondent.

**Per Curiam**.  Lye Fong Shia is a citizen of Malaysia and entered the United States in June 2002 on a six-month visitor visa, which she overstayed.  In December 2005, Shia was arrested in Massachusetts on a criminal charge, gave the police a Massachusetts address, and (as an overstaying alien subject to removal under 8 U.S.C. § 1227(a)(1)(B) (2006)) was placed in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security ("DHS").

ICE released Shia on her own recognizance and, according to a document in the record, personally served her on December 20, 2005, with a notice to appear form; the form warned that she had to come to court when notified of a hearing date and to keep her address up to date and that a removal order could be entered if she failed to appear when notified.  In January 2006, DHS mailed a notice to her given address that her hearing had been set in Boston on a specific date in August.  When she failed to appear, the immigration judge entered a removal order in absentia.  8 U.S.C. §§ 1227(a)(1)(B), 1229(b)(5)(A).

In February 2007, Shia asked the IJ to reopen the case, to rescind the removal order for lack of notice of the hearing and to allow her to apply for relief from removal.  A removal order entered in absentia "may be rescinded only . . . if the alien demonstrates that the alien did not receive notice in accordance with" the statute.  8 U.S.C. § 1229a(b)(5)(C).  Shia was obliged to

furnish adequate grounds for reopening supported by affidavits or other evidence. 8 U.S.C. § 1229a(c)(7)(B) (2006); 8 C.F.R. § 1003.23(b)(3) (2009).

Shia's request to reopen said that she had moved to New York and had not received the notice of the August hearing but she did not claim to have notified DHS of her change of address. As for the original notice to appear when notified, Shia admitted receiving some documents from the immigration officer on December 20, 2005 in her affidavit, but alleged in her motion that the signature on the notice did not match her other signatures in the record. Thereafter, the IJ entered a decision rejecting the request to reopen.

In his decision, the IJ noted that Shia had questioned the signature on the notice to appear but had not explicitly denied receiving the notice. Lack of written notice can provide a basis for reopening an in absentia order, In re M-S-, 22 I&N Dec. 349, 352-53 (BIA 1998), but (the IJ said in his decision) Shia's affidavit said only that it was "uncertain" whether proper notice had been given. In light of the record showing service of the notice, the IJ found the affidavit insufficient. On review, the BIA upheld the IJ.

Shia now challenges the BIA's dismissal of her appeal of the IJ's denial of the motion to reopen her removal proceeding. We review the denial to "determine only whether it was arbitrary,

capricious, or an abuse of discretion." Thomas v. I.N.S., 976 F.2d 786, 789 (1st Cir. 1992).  As for the IJ's findings of fact, we treat them as  "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

Shia argues on appeal that there is no affirmative proof that the original notice to appear when summoned was in fact served upon her; but the record includes such a DHS document showing personal service on her on the day of Shia's release from ICE custody and was signed by the officer who served it.  She admits receiving some DHS documents on that day and did not flatly deny in her affidavit that this was one of them.  Simply to point to confusing signatures was not enough to require the IJ to reopen the hearing.

The notice to appear contains a blank space, which was not filled in, designed to confirm that the recipient also received oral notice in a language the recipient understood.  Leaving the space blank, the government concedes, was a mistake by the officer who completed the form.  But the regulations say that this omission does not give the notified party rights, 8 C.F.R. § 1003.15(c) (2009), nor does Shia's affidavit explicitly deny receiving oral notice or understanding it.

Shia claims that when she was originally released, she told one of the ICE officers that she might be moving to New York.

But the notice is clear that she was expected to furnish a new address if she moved from the one recorded by ICE, and informal notice of an intended move with no specified address hardly satisfies the requirement.  Shia does not claim that either then or thereafter did she furnish DHS with a new address.

The petition for review is <u>denied</u>.